**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARNELL L. WALKER,** | ) | **Case No.  1:94 cr 5** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **and** |
| **UNITED STATES OF AMERICA,** | ) | **TRANSFER ORDER** |
| | ) | |
| **Respondent.** | ) | |

Before the Court is a document entitled "Motion for Relief from Judgment" filed under Fed. R. Civ. Pro 60(b) by Petitioner Darnell L. Walker.  (**Doc #: 633**.)  In this lengthy Motion, Walker asks the Court to reopen one of his many previous §2255 proceedings because he is now entitled to relief based on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."  *Id.* at 2155.

**I.**

In 1994, Walker was convicted of conspiring to possess with the intent to distribute more than 50 grams of cocaine base, for which he received a statutorily mandated lifetime prison sentence.  The conviction and sentence were affirmed on appeal, and the Supreme Court denied certiorari.  *United States v. Walker*, 160 F.3d 1078 (6th Cir. 1998), *cert. denied*, 526 U.S. 1056 (1999).  In affirming Walker's drug-trafficking conviction, the Sixth Circuit expressly concluded that Walker's conspiracy violation "involved more than 50 grams of cocaine base."  *Walker*, 160 F.3d at 1093.

Walker timely filed a § 2255 petition.  He subsequently filed at least three more § 2255 petitions based on the same position, i.e., that his drugs-based conviction and sentence

should be vacated as unconstitutional because he was sentenced to a mandatory minimum sentence that was based upon a factual finding regarding the quantity of drugs made by a judge using the preponderance-of-the-evidence standard, rather than by a jury using the reasonable doubt standard.  The first § 2255 motion was based on *Ring v. Arizona*, 536 U.S. 584 (2002); the second was based on *Blakeley v. Washington*, 542 U.S. 961 (2004); and the third was based on *United States v. Booker*, 543 U.S. 220 (2005).[1]  He now asserts the same position based on "a sentencing revolution" that began with the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt) and presumably advanced through to *Alleyne* via *Ring*, *Blakely*, and *Booker*.

## II.

In *Gonzalez v. Crosby*, the Supreme Court considered the question of whether a Rule 60(b) motion for relief from judgment should be treated as a second or successive § 2255 habeas petition.  *Id.*, 545 U.S. 524 (2005).  The Court determined that a filing that attacks some defect in the integrity of the § 2255 proceedings can proceed under Rule 60(b).  *Id.* at 532-33.  The Court determined, however, that a § 2255 petitioner's filing that attacks the substance of the district court's ruling on the merits must be treated as a second or successive petition.  *Id.* at 531-32. The *Gonzalez* court held that Rule 60(b) cannot be used to reopen the judgment in a civil case based upon legal developments after the judgment becomes final.  *Id.* at 536.

Despite Walker's assertion that he is attacking the integrity of his prior habeas proceedings and is seeking relief based on a change in procedural law, the Court finds that his request for further consideration of claims he brought in his numerous prior § 2255 motions

---

[1]He subsequently unsuccessfully challenged the constitutionality of his conviction and sentence based on *DePierre v. United States*, 131 S.Ct. 2225 (2011).

-2-

based on *Alleyne* can only be considered a challenge to the resolution of those claims *on the merits*.

Under 28 U.S.C. § 2244(b)(3)(A), "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application".  Id.  The Sixth Circuit has held that, when a second or successive § 2255 motion is filed in the district court without § 2244(b)(3) authorization from the Sixth Circuit, the district court "shall transfer the document" to the Sixth Circuit for such authorization.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  *See also U.S. v. Gastelum-Lara*, Nos. 11-3616, 11-4214, 2012 WL 1521987, at *1 (6th Cir. May 1, 2012); *Hourani v. U.S.*, 239 Fed. Appx. 195, 196 (6th Cir. 2007).

Accordingly, the Court **TRANSFERS** the pending, successive § 2255 motion to the Sixth Circuit for certification to file it in the district court.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).[2]

### III.

Accordingly, the Court hereby **DIRECTS** the Clerk of Court to **TRANSFER** the pending successive § 2255 motion to the Sixth Circuit Court of Appeals for authorization to file it in this district court.

**IT IS SO ORDERED.**

 */s/ Dan A.Polster     September 19, 2013 *
**Dan Aaron Polster**
**United States District Judge**

---

[2]The undersigned notes in passing that the *Alleyne* Court did not expressly make its ruling retroactively applicable to cases on collateral review.  *Tyler v. Cain*, 533 U.S. 656, 662 (2001), 28 U.S.C. § 2255(h)(2).

-3-