# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:94-CR-5 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| DARNELL WALKER, | ) | **OPINION & ORDER** |
| Defendant. | ) | |

Before the Court is Defendant Darnell Walker's Motion for Reduced Sentence and Immediate Release, Doc #: 651. For the following reasons, Walker's Motion is **GRANTED**.

**I.      Background**

Walker was indicted on January 20, 1994 in a multi-count, multi-defendant case. Doc #: 1. He was found guilty at trial of two counts of possession with intent to distribute cocaine base ("crack cocaine") and cocaine and two counts of possession of a firearm under disability. Doc #: 355. His drug offenses involved 175.2 grams of crack cocaine and 25.2 grams of cocaine, now a marijuana equivalency of 631 kilograms. *See* U.S.S.G. § 2D1.1(c)(7). He was also given an enhancement under 21 U.S.C. § 851. Under the Guidelines in effect during Walker's original sentencing, his total offense level of 40 and criminal history category III qualified him for a sentencing range of 360 months to life imprisonment. However, based on the drug offenses, Walker was subject to a mandatory minimum term of life imprisonment. His firearm in relation count also carried a statutory maximum sentence of five years consecutive. Walker was sentenced on December 26, 1995 to life without release. *See* Doc #: 355.

After his appeals were exhausted, Walker applied for clemency. On December 19, 2016, President Obama granted Walker clemency and commuted his sentence of life imprisonment to 360 months of incarceration, "leaving intact and in effect all other components of the sentence." Doc #: 644. Walker filed the instant Motion on March 7, 2019, arguing that this Court should find that the First Step Act reduces Walker's sentence to time-served. Doc #: 651. On March 11, 2019, the Government filed an Opposition brief. Doc #: 652. On March 12, 2019, Walker filed his Reply brief. Doc #: 653.

## II.     Analysis

Under the Anti-Drug Abuse Act of 1986, the mandatory minimum prison terms for federal drug crimes reflected a 100-to-1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the minimums. *Dorsey v. United States*, 567 U.S. 260, 260 (2012). In 2010, Congress enacted the Fair Sentencing Act to reduce this disparity. *Id.* at 263. The Fair Sentencing Act applied only to those defendants who had been sentenced on or after August 3, 2010. *Id.* at 264. Section 404 of the First Step Act permits courts to impose reduced sentences for any defendants still serving sentences for crack cocaine offenses, if those sentences were imposed when the pre-Fair Sentencing Act structure still applied. *See* First Step Act, PL 115-391; 124 Stat. 5194. So, the First Step Act applies to Walker because his offense involved crack cocaine and he was sentenced before August 3, 2010.

The First Step Act provides that courts may, "on motion of the defendant . . . impose a reduced sentence as if [the Fair Sentencing Act] were in effect at the time the covered offense was committed." First Step Act, Section 404(b). However, a court shall not entertain a defendant's motion for a reduced sentence if: (1) the defendant's sentence was previously imposed or reduced by the Fair Sentencing Act; or (2) if a previous motion to reduce the

sentence was, after the enactment of the First Step Act, denied after complete review of the motion's merits. *Id.* at § 404(c). Neither of these limitations apply to Walker. His sentence has not been previously reduced by the Fair Sentencing Act nor has he filed a previous motion pursuant to the First Step Act.

The Government argues that Walker is not eligible for relief under the First Step Act because his sentence was commuted by President Obama. However, nothing in the First Step Act's language includes that prohibition, and the Government cites no controlling authority in support of its position. Instead, the Government argues that, because of the commutation of his sentence, Walker is now serving a presidentially-imposed sentence and not one that is modifiable under the Fair Sentencing Act. The Government cites the concurring opinion in *United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (*en banc*) in support. However, the majority in Surratt ruled that the defendant's habeas challenge under the Fair Sentencing Act was mooted by the President commuting his sentence. *Id.* at 219. The majority does not distinguish between a presidentially-imposed sentence and a judicially-imposed one for purposes of determining whether the Fair Sentencing Act applies, as the Government would have this Court do. Further, the Court believes the Fourth Circuit's application of the mootness doctrine in *Surratt* does not apply here. A case becomes moot, "only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Here there is relief available for Walker so the mootness doctrine does not apply. Walker has already served the statutory minimum but has not yet served the remainder of his commuted sentence. Absent an express prohibition in its language, the Court finds that the First Step Act's relief applies to defendants with presidential commutations.

To find otherwise would penalize defendants for receiving presidential commutations. Under the rationale argued by the Government, Walker would be worse off because he received a presidential commutation of his sentence, which seems both counter-intuitive and unfair. Accordingly, the Court concludes that Walker is eligible for a sentence reduction pursuant to the Fair Sentencing Act.

While Walker was previously subject to a statutory penalty of life imprisonment under former 21 U.S.C. § 841(b)(1)(A), the Fair Sentencing Act now subjects him to a statutory minimum of 20 years to life incarceration under 21 U.S.C. § 841(b)(1)(B) and the 21 U.S.C. § 851 enhancement. Walker would still be subject to a consecutive five-year sentence under 18 U.S.C. § 924(c). So, Walker has a mandatory minimum imprisonment term of twenty-five years. Walker has been incarcerated for over twenty-five years, since his arrest on January 20, 1994. According to the Bureau of Prison's website, Walker's release date is currently April 16, 2020, presumably based on his accumulation of good-time credit. Walker argues that he is entitled to an additional 175 days of good-time credit under the First Step Act. This would make him eligible for release on October 24, 2019. Regardless of which good time credit is used, Walker has effectively served a sentence roughly halfway between the now twenty-five-year mandatory minimum and the thirty years commutation sentence, which the Court believes is a fair sentence. The Court finds that a formal sentencing is unnecessary and hereby sentences Walker to time-served. Walker should be immediately released from custody.

Accordingly, the Court **GRANTS** Walker's Motion for Reduced Sentence and Immediate Release, Doc #: 651.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Mar. 15, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**